**APEX ARC, INC., Plaintiff,**

**v.**

**John GARVEY, Thomas T. McCormick, McQuaid, Metzler, McCormick & Van Zandt LLP, and Chase Manhattan Bank, N.A., Defendants.**

**No. 98CIV.0353(CBM).**

United States District Court,
S.D. New York.

July 13, 2000.

Waesche, Sheinbaum & O'Regan, P.C., New York, NY by Nicholas P. Giuliano, for Plaintiff.

Drinker Biddle & Reath LLP, Philadelphia, PA by Edward M. Posner, Michael W. McTigue Jr., for Defendants.

*MEMORANDUM OPINION DISMISSING COMPLAINT AND GRANTING LEAVE TO RE–PLEAD*

MOTLEY, District Judge.

### OPINION

This case involves allegations of securities fraud. For the reasons outlined below

the complaint against Thomas T. McCormick and McQuaid, Metzler, McCormick & Van Zandt LLP is dismissed with leave to re-plead.

BACKGROUND

On January 20, 1997 plaintiff Apex Arc, Inc. ("Apex") purchased 47,579 voting units of American Biotherm Company, LLC ("AB Company"). AB Company lost nearly all of its value within a year after plaintiff's stock purchase. In the present action Apex seeks the return of its $725,000 investment in AB Company, claiming its stock purchase was motivated by misrepresentations and material non-disclosures.

Defendants are John Garvey ("Garvey"), Thomas T. McCormick ("McCormick") and McQuaid, Metzler, McCormick & Van Zandt LLP ("the McQuaid Firm"). Chase Manhattan Bank ("Chase") was also a defendant but the parties previously agreed to dismiss the complaint against Chase.

Plaintiff's basic contentions are summarized as follows. Apex was interested in investing in a technology referred to as the "biotherm process". The intended purpose of this biotherm process was to convert biosolid sludge into usable commodities such as fertilizer and energy pellets. An entity called the American Biotherm Corporation ("AB Corporation") owned the rights to purchase the biotherm process pursuant to an agreement with Hanover Research Corporation and Dehydro–Tech Corporation (collectively "Hanover"). Defendants created AB Company in October of 1996 to allow Apex to invest in the biotherm process without the encumbrance of debts owed by the AB Corporation. Defendants represented to Apex that AB Company could acquire the biotherm process from Hanover by incurring a debt of $1,410,000 ("the Hanover debt"). Defendants represented to Apex that this Hanover debt was AB Company's principal liability. Apex claims defendants concealed AB Company's debt to German investors in excess of $1 million ("the German debt"). Apex further claims that defen-dants concealed the fact that the biotherm process had been declared a failure by the Environmental Protection Agency. Apex also claims that defendants failed to disclose certain long term employment contracts. Thus, the basis of Apex's claim is that defendants concealed material facts and made false representations causing Apex to suffer financial harm from an ill-fated investment in AB Company.

Four causes of action remain pending from plaintiff's original seven count complaint. In Counts I and II plaintiff alleges violations of Section 10(b) of the Securities Exchange Act of 1934, as amended, 15 U.S.C. § 78j(b). In Count III plaintiff seeks to impose controlling person liability on defendants for securities law violations by AB Corporation and AB Company. In Count VI plaintiff alleges defendants engaged in common law fraud.

MOTION TO DISMISS

In order to prevail in a securities fraud case like the instant action plaintiff must show that defendant, with scienter, made false statements or omitted material facts and that plaintiff's reliance on such caused plaintiff's injury. Defendants McCormick and the McQuaid Firm have filed a motion to dismiss the complaint pursuant to Fed.R.Civ.P. 9(b), Fed. R.Civ.P. 12(b)(6) and § 21D(b)(3) of the Securities Exchange Act of 1934 as amended by the Private Securities Litigation Reform Act of 1995, 15 U.S.C.A. § 78u–4(b). The Second Circuit most recently outlined the pleading requirements for securities fraud cases in *Novak v. Kasaks*, 216 F.3d 300 (2nd Cir.2000). In light of *Novak*, the pleading requirements are clear.

The following excerpts from the Second Circuit's opinion in *Novak* elucidate the relevant pleading requirements for a securities fraud case like the matter at hand:

> In addition to pleading scienter, it is well established that a securities fraud complaint must also plead certain facts with particularity in order to state a claim.

Fed.R.Civ.P. 9(b) requires that, whenever a complaint contains allegations of fraud, the circumstances constituting fraud shall be stated with particularity. A complaint making such allegations must (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent.

*Novak*, at 305 (internal citations omitted).

In any private action arising under this chapter [15 U.S.C. § 78u–4(b)(2) ] in which the plaintiff alleges that the defendant—(A) made an untrue statement of a material fact; or (B) omitted to state a material fact necessary in order to make the statements made, in the light of the circumstances in which they were made, not misleading; the complaint shall specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed.

*Novak*, at 306.

■ Not only must plaintiff's complaint contain sufficient specificity to detail the alleged untrue or misleading representations, the complaint must also contain particular facts sufficient to suggest that defendants acted with the requisite state of mind to satisfy the scienter requirement. The Second Circuit goes on to describe what a plaintiff must allege in order to properly plead a strong inference of defendant's fraudulent intent.

[A strong inference] may arise where the complaint sufficiently alleges that the defendants: (1) benefitted in a concrete and personal way from the purported fraud; (2) engaged in deliberately illegal behavior; (2) knew facts or had access to information suggesting that their public statements were not accu-

rate; or (4) failed to check information they had a duty to monitor.

*Novak*, at 306 (internal citations omitted).

■ The vague allegations of plaintiff's complaint fall far short of the above standard. Apex has not alleged fraud with sufficient particularity. In Count I Apex alleges that Garvey made false representations with the approval of all of the other defendants. Count I of plaintiff's complaint does not specifically detail a single false or misleading statement allegedly made by McCormick or the McQuaid Firm. In Count II plaintiff claims it was materially misled by defendants' opinion letter. Paragraph 24 of plaintiff's complaint quotes one paragraph of an opinion letter issued by the McQuaid Firm in January of 1997. The excerpt from the opinion letter offers the McQuaid Firm's assurance that certain representations in the stock purchase agreement were accurate and that the McQuaid Firm was not aware of any facts to the contrary. In paragraph 25 of the complaint plaintiff simply asserts that defendants knew or should have known that the representations were inaccurate. Such merely conclusory assertions do not suffice to create a proper pleading of scienter. Plaintiff's complaint fails to include specific allegations sufficient to support a strong inference that McCormick or the McQuaid Firm personally benefitted from the purported fraud, deliberately violated the law, knew that their representations were misleading, or acted with reckless disregard as to whether or not their statements were misleading. In Counts I and II plaintiff fails to allege sufficient facts with particularity. Thus Counts I and II against McCormick and the McQuaid Firm cannot survive the motion to dismiss. In Count III plaintiff seeks to impose controlling person liability on defendants. However, plaintiff's complaint does not contain any specific allegations that McCormick or the McQuaid Firm either actively participated in the alleged fraud or exercised sufficient con-

trol over the corporate entities to support this cause of action. Finally, in Count VI plaintiff claims defendants' actions constituted common law fraud. The pleading of this cause of action is insufficient for the same reasons as Counts I and II.

The court finds that plaintiff's complaint does not plead fraud with sufficient particularity to survive McCormick and the McQuaid Firm's motion to dismiss. It is possible that plaintiff may raise a viable claim if the complaint were amended to include sufficient specific allegations to satisfy the pleading requirements discussed above. Leave to file an amended complaint is liberally granted in cases such as this. See *Luce v. Edelstein,* 802 F.2d 49, 56 (2d Cir.1986). Thus, the court grants plaintiff leave to re-plead.

CONCLUSION

For the reasons outlined above, plaintiff's complaint cannot survive the motion to dismiss filed by McCormick and the McQuaid Firm. Leave to re-plead is appropriate in this instance.